## Case No. 7,309.

### In re JEWETT.

[1 N. B. R. 495 (Quarto, 131); 7 Am. Law Reg. (N. S.) 294; 2 Am. Law T. Rep. Bankr. 7.] [1]

District Court, N. D. Illinois. Jan., 1869.

By Hon. LINCOLN CLARK, Register:

This being the day fixed for the second meeting of creditors at the office of the register, for the purpose of hearing the assignee's report, and for declaring a dividend of assets among those entitled thereto, Oliver R. Butler claimed a dividend as a creditor of the bankrupt, upon a proof of claims heretofore filed, in the sum of ten thousand two hundred and fifteen dollars and forty-three cents ($10,215.43). The proofs consist of twelve promissory notes, each for the sum of $750, made by the said [Frederick] Jewett to the said Butler, dated February 1st, 1867, payable 1st of May, 1868, and on the 1st of each and every month thereafter until the whole should be paid. The said Oliver R. Butler had been copartner with the bankrupt for ten years anterior to the 1st day of February, 1867, at which time he sold his entire interest in the firm to the said Frederick Jewett for about the sum of $25,000, and took from him his promissory notes in payment therefor. It appeared in evidence, by the deposition of the said Jewett, that the notes herein before described were a portion of those given in the purchase of the interest of the said Butler.

Clarkson, attorney for a portion of the creditors, and also for the assignee, objected, that the said Oliver R. Butler was not entitled to a dividend upon those notes. I sustained the objection, and decided that no dividend could be allowed upon the proof of them.

Waller, attorney for Butler, desired the matter to be certified to the court, the question being as to whether the said Butler was entitled to a dividend upon the basis of the said notes.

It appeared that the joint indebtedness of Jewett & Butler was some $16,000, no portion of which had been paid by Butler. That Jewett, after the purchase of Butler's interest, bought but very few goods, from which the inference is clear that, had Butler been allowed to receive a dividend, he would have taken the proceeds of assets liable to the payment of his own debts, at the same time that he had not, as partner, paid the partnership debts. That Butler could not have a dividend until all the partnership debts were paid, seems to me clear. Whether, after that, he would come in to share with the individual creditors, is a question not now calling for consideration.

DRUMMOND, District Judge. In this case, it appearing that the only fund for payment is the individual property of the bankrupt, I have no doubt that there can be no dividend allowed to Butler so long as there is anything due from him. The decision of the register is consequently correct.